**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **NEYZA CAMACHO**<br><br>Plaintiff<br><br>v.<br><br>**NIKE RETAIL SERVICES, INC.**<br><br>Defendant | **Civil Action No.:**<br><br><br>AMERICANS WITH DISABILITIES ACT: DISABILITY DISCRIMINATION; FAILURE TO ACCOMMODATE; RETAILIATION<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**TO THE HONORABLE COURT**

COMES NOW Plaintiff Neyza Camacho ("Plaintiff" or "Camacho") through the undersigned counsel, and respectfully STATES, ALLEGES and PRAYS:

**I. INTRODUCTION**

1.      This is an action for damages and equitable relief arising from Defendant's unlawful employment practices in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA").

2.      Plaintiff, a long-term employee with an exemplary 23-year career, was subjected to disability discrimination, denied reasonable accommodations, and ultimately terminated in retaliation for asserting her rights under the ADA.

**II. JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

4.      Venue is proper in this District under 28 U.S.C. § 1391 because the unlawful employment practices occurred in Puerto Rico.

1

5.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 10, 2024, and received a Notice of Right to Sue on December 19, 2025.

6.    This action is timely filed within ninety (90) days of receipt of the Right to Sue Notice.

### III. PARTIES

7.    Plaintiff Neyza Camacho is an adult individual residing in San Juan, Puerto Rico.

8.    Defendant Nike Retail Services, Inc. ("Nike") is a corporation domiciled in Oregon, doing business in Puerto Rico, with offices located at 361 San Francisco Street, 4th Floor, San Juan, PR 00901, and its mailing address is PO Box 9022946, San Juan, PR 00902-2946.

9.    At all relevant times, Nike was an employer within the meaning of the ADA.

### IV. FACTUAL ALLEGATIONS

10.    Plaintiff worked for Nike for approximately 23 years.

11.    Effective August 19, 2013, Plaintiff served as Head Coach of the Nike Factory Store located in Montehiedra, San Juan, Puerto Rico.

12.    Plaintiff's career was exemplary and unblemished.

13.    Plaintiff earned an annual salary exceeding $107,000.

14.    Plaintiff is an individual with disabilities within the meaning of the ADA.

15.    Plaintiff suffers from multiple serious medical conditions, including:

a. Lumbar spine conditions requiring L4-L5 surgery and vertebral fusion;
b. Pulmonary embolism (including a 5 cm aneurysm in the pulmonary artery);
c. Pulmonary hypertension;
d. Rheumatoid arthritis.

16.    As a result of these conditions, Plaintiff has substantial limitations in major life activities, including walking, standing, and performing daily tasks.

2

17. On August 1, 2023, Plaintiff returned to work following a disability-related absence with accommodations.

18. Plaintiff last physically worked on August 31, 2023, due to her medical condition and Defendant's failure to implement reasonable accommodations.

19. On September 18, 2023, Plaintiff contacted Nike management, including Mr. Drew Barthel, to discuss her future and accommodation needs.

20. Shortly thereafter, Mr. Barthel engaged in discussions with Plaintiff regarding possible accommodations and reassignment.

21. Plaintiff and Nike agreed on reasonable accommodations, including:

A mobility scooter;
Vehicle modifications to transport the scooter;
An oversized walker with a seat;
A power chair to assist Plaintiff when unable to stand;
An oversized chair for positional support and spinal decompression.

22. Plaintiff provided additional information and equipment options, including cost-effective alternatives.

23. On January 24, 2024, Plaintiff submitted updated medical recommendations from her physician.

24. Nike represented that it would proceed with ordering and implementing the accommodations.

25. On February 12, 2024, Nike's Senior Accommodations Analyst, Sherrie Utley, began overseeing Plaintiff's accommodation process.

26. Plaintiff reiterated the need for additional medically recommended equipment.

27. Plaintiff underwent surgery on March 8, 2024.

28.     On or about March 18, 2024, while Plaintiff was recovering, Ms. Utley informed Plaintiff that:

> a. Her accommodations were no longer considered reasonable;
> b. The accommodations constituted a burden on the business;
> c. Plaintiff's position would be posted;
> d. Plaintiff would need to apply for another position upon return.

29.     Nike thus unilaterally reversed previously approved accommodations.

30.     Plaintiff experienced difficulty communicating with store personnel and management.

31.     On June 5, 2024, Plaintiff notified Nike that she was ready to return to work pending accommodations.

32      Nike delayed the process by shifting responsibility to MetLife, its disability benefits administrator.

33.     Nike provided inconsistent and unclear information regarding required documentation.

34.     Plaintiff reasonably perceived Nike's conduct as obstructive, harassing, and retaliatory.

35.     On July 17–19, 2024, Nike:

> a. Requested return of Plaintiff's laptop (previously part of her accommodation);
> b. Confirmed that her position would be filled;
> c. Claimed her absence created an undue hardship.

36.     On August 7, 2024, MetLife informed Plaintiff that it would not fund accommodations, asserting that Plaintiff had no work capacity.

37.     Nike adopted this position despite Plaintiff's medical evidence indicating she could work with accommodations.

38.     Plaintiff never received the agreed-upon accommodations.

39.     Nike did not engage in a good faith interactive process with Plaintiff once Mrs. Sherrie Utley began to handle Plaintiff's case.

40.    On October 9, 2024, Plaintiff filed a charge of discrimination with the EEOC.

41.    Thereafter, Nike continued to deny accommodations and failed to reinstate Plaintiff.

42.    On December 6, 2024, Nike terminated Plaintiff's employment.

43.    Plaintiff's termination was motivated by:

a. Her disability;
b. Her requests for accommodation; and
c. Her filing of an EEOC charge.

## V. CAUSES OF ACTION

### 1. Disability Discrimination (ADA)

44.    Plaintiff realleges the preceding paragraphs.

45.    Plaintiff is a qualified individual with a disability.

46.    Plaintiff was able to perform the essential functions of her position with reasonable accommodations.

47.    Nike discriminated against Plaintiff by, inter alia:

a. Removing her from her position;
b. Refusing to reinstate her;
c. Terminating her employment.

48.    Nike's actions were based on Plaintiff's disability in violation of the ADA.

### 2. Failure to Provide Reasonable Accommodation (ADA)

49.    Plaintiff realleges the preceding paragraphs.

50.    Plaintiff requested reasonable accommodations supported by medical documentation.

51.    Nike initially approved accommodations and later rescinded them without engaging in a good-faith interactive process.

52.    Nike failed to provide reasonable accommodations that would have enabled Plaintiff to perform her job.

53.    Nike's actions constitute a violation of the ADA.

### 3. Retaliation (ADA)

54.    Plaintiff realleges the preceding paragraphs.

55.    Plaintiff engaged in protected activity by:

a. Requesting accommodations;
b. Opposing discriminatory practices;
c. Filing an EEOC charge.

56.    Nike subjected Plaintiff to adverse employment actions, including termination.

57.    There is a causal connection between Plaintiff's protected activity and Nike's actions.

58.    Nike's conduct constitutes unlawful retaliation under the ADA.

### 4. Disability Discrimination, Failure to Accommodate, and Retaliation (Puerto Rico Law 44)

59.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

60.    Law 44 prohibits discrimination against qualified individuals with disabilities and is interpreted consistently with the ADA.

61.    Plaintiff is an individual with disabilities within the meaning of Law 44.

62.    Defendant knew of Plaintiff's disabilities.

63.    Plaintiff was able to perform the essential functions of her position with reasonable accommodations.

64.    Defendant engaged in unlawful conduct, including:

a. Failing to provide reasonable accommodations;
b. Failing to engage in a good-faith interactive process;
c. Removing Plaintiff from her position;
d. Terminating Plaintiff's employment;
e. Retaliating against Plaintiff for requesting accommodations and filing an EEOC charge.

65.     Defendant's actions constitute discrimination and retaliation in violation of Law 44.

66.     Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's rights.

## VI. DAMAGES

59.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:

a. Loss of income and benefits in excess of $107,000 per year;
b. Emotional distress, anxiety, and mental anguish;
c. Loss of career advancement opportunities and professional reputation.

60.     Under Law 44, Plaintiff is entitled to double damages.

61.     Defendant's actions were willful and in reckless disregard of Plaintiff's rights.

62.     Defendant's conduct warrants the imposition of compensatory and punitive damages under federal law.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Enter judgment in her favor;

B. Award back pay, front pay and lost benefits;

C. Award compensatory and punitive damages;

D. Award double damages under Law 44;

E. Order reinstatement or, alternatively, front pay;

F. Award attorney's fees and costs;

G. Grant such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 19th day of March of the year 2026.

**IT IS HEREBY CERTIFIED** that this Complaint has been filed using the Court's CM/ECF system, which in turn will notify all attorneys of record.

*Attorney for Plaintiffs*
**s/ Andrés C. Gorbea-Del Valle**
USDC PR Bar No. 226313
PO Box 195191
San Juan, P.R. 00919
Tel. (787) 217-2234
Email: andres_gorbea@yahoo.com